## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

SUNEE T.,

Petitioner,

v.

MARKWAYNE MULLIN,[1] *Secretary, Department of Homeland Security*; TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-1638 (LMP/DTS)

## ORDER GRANTING
## MOTION FOR ATTORNEY'S FEES

Daniel P. Suitor, **Daniel P. Suitor, PLLC, Minneapolis, MN**, for Petitioner.

Derek Ganzhorn, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

On February 25, 2026, Petitioner Sunee T. filed a petition for a writ of habeas corpus alleging that Respondents (the "Government") unlawfully revoked his order of supervision and detained him for the purpose of executing Sunee T.'s final order of removal. *See* ECF No. 9 at 2–3. The Court granted Sunee T.'s petition on March 11, 2026, and ordered the Government to release Sunee T. from custody. *Id.* at 7. Sunee T. now moves for an award

---

[1]    Markwayne Mullin is substituted in place of former Secretary of Homeland Security Kristi Noem pursuant to Federal Rule of Civil Procedure 25(d).

of attorney's fees and costs in the amount of $2,550.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 12; ECF No. 14 at 10.

The EAJA provides that a court shall award fees, costs, and other expenses incurred by the prevailing party in a civil action against the United States[2] "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  The "position of the United States" includes both the underlying agency action and the United States' litigation position.  *Id.* § 2412(d)(2)(D).  A party seeking an award under the EAJA must apply within thirty days of the final judgment and: (1) establish that he was the prevailing party and is eligible to receive an award; (2) detail the amount of the award sought; and (3) allege that the position of the United States was not substantially justified.  *Id.* § 2412(d)(1)(B).  If the moving party meets his burden, "the burden shifts to the government to prove that it was substantially justified in asserting its position."  *Huett v. Brown*, 873 F.2d 1153, 1155 (8th Cir. 1989).

The Government does not dispute that Sunee T. was the prevailing party in this case and does not contest the total fees and costs sought.  ECF No. 21 at 1.  Instead, the Government asserts that its legal position was substantially justified, for two reasons.  First, it reasserts its previous position that it was entitled to detain Sunee T. because Sunee T. had

---

[2]   Under the EAJA, "United States" includes federal agencies and federal officials acting in their official capacities.  28 U.S.C. § 2412(d)(2)(C).  Respondents are federal officials, and Sunee T.'s claims were brought against them in their official capacities, *see* ECF No. 1 at 1, so this action was against the "United States" for purposes of the EAJA.

not been detained for more than 120 days in total, and his detention was therefore presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). ECF No. 21 at 3–4. But the Government continues to ignore that it needed to follow its own procedures to have rearrested and re-detained Sunee T. in the first place. *See* ECF No. 9 at 5–6. That it failed to do so was unreasonable, and the litigation posture taken by the Government in defending its actions was likewise not substantially justified. Indeed, the Government had been repeatedly told the opposite. *See id.* at 6–7 (collecting cases in which courts held that "insufficient notices of revocation" entitle a petitioner to habeas relief).

Second, the Government reasserts its previous position that, even if it failed to follow its own procedures, the appropriate remedy was not to grant Sunee T. habeas relief but instead to order the Government to redo the process. ECF No. 21 at 4–6. In support, the Government points to two decisions from the United States District Court for the Northern District of Texas—notably from the same Judge—which agree with the Government's position here. *See Nguyen v. Noem*, 797 F. Supp. 3d 651 (N.D. Tex. 2025) (finding that the government did not violate 8 C.F.R. § 241.13(i)(3) and even if it had, the error was harmless); *Surovtsev v. Noem,* 2025 WL 3264479 (N.D. Tex. Oct. 31, 2025) (holding that any error in failing to follow the procedural requirements of notice and an opportunity to be heard under 8 C.F.R. §§ 241.4(l) and 241.13.(i)(3) was harmless given the expanded procedure that Surovtsev has received throughout the pending habeas case). Because those cases agreed with the Government's position, the Government alleges that its position was substantially justified. But, again, the Government had been told for months, by this Court and by Judges in this District (not to mention many others around

3

the country), that its position was incorrect and unjustified.  *See* ECF No. 9 at 5–6.  That the Government can point to two non-binding and readily distinguishable decisions in support of its position does not, in the Court's view, make its position reasonable.  This is not a case where "courts across the country—and judges within this District—were divided on the question," a fact which would constitute "strong evidence that the government's position was substantially justified."  *Kadidiatou D. v. Easterwood*, No. 26-cv-1218 (PJS/DLM), 2026 WL 969017, at *1 (D. Minn. Apr. 10, 2026).  Here, the Government has not met its burden.  Moreover, the Court finds that the Government's conduct and litigation position was not substantially justified in this case.

Because the Government does not dispute that Sunee T. is eligible to receive an award as the prevailing party, does not dispute the amount of the award he seeks, and has not met its burden to show that its conduct and position was substantially justified in Sunee T.'s case, Sunee T.'s motion is granted.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Sunee T.'s Motion for Attorney's Fees and Costs (ECF No. 12) is **GRANTED**;

2. The Government shall make payment in the amount of $2,550.00 to Sunee T.'s counsel within 30 days after the date of this Order or within 30 days after appropriations to the Department of Homeland Security are restored, whichever occurs later; and

3. Any checks issued for payment of the award shall be delivered to Sunee T.'s counsel at the following address:

Daniel P. Suitor, PLLC
331 Second Avenue South, Suite 400-3099
Minneapolis, MN 55401

Dated: April 30, 2026                    *s/Laura M. Provinzino*
                                         Laura M. Provinzino
                                         United States District Judge